**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DAMON ALSTON,                        :
                                     :    Civil Action No. 03-3248 (JBS)
            Petitioner,              :
                                     :
       v.                            :    **OPINION**
                                     :
ROY L. HENDRICKS, et al.,            :
                                     :
            Respondents.             :


**APPEARANCES:**

Petitioner pro se                Counsel for Respondents
Damon Alston                     Frank Muroski, Esq.
New Jersey State Prison          Office of the New Jersey
P.O. Box 861                          Attorney General
Trenton, NJ 08625                Div. of Criminal Justice
                                 Appellate Bureau
                                 P.O. Box 086
                                 Trenton, NJ 08625


**SIMANDLE**, District Judge

   Petitioner Damon Alston, a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The respondents are Superintendent Roy L. Hendricks and the Attorney General of New Jersey.

   For the reasons stated herein, the Petition must be denied.

I.   BACKGROUND

A.   Factual Background

The relevant facts are set forth in the opinion of the Superior Court of New Jersey, Appellate Division, in the appeal of his motion for post-conviction relief.[1]

> Defendant pled guilty to nineteen counts of first-degree robbery of various victims throughout five counties in South Jersey and one count of conspiracy. He participated in these robberies with a codefendant, John Hall.  Defendant was sentenced to forty-five years imprisonment with twenty-two and one-half years of parole ineligibility.  Hall was sentenced to fifteen years imprisonment with seven and one-half years of parole ineligibility.
>
> On his first appeal, the matter was remanded pursuant to State v. Roach, 146 N.J. 108, 2232-33 (1996) to address the purported disparity in treatment between defendant and Hall.  Judge Isaiah Steinberg held such a hearing and provided an explanation why the sentences were justifiably different.  Judge Steinberg identified the differing circumstances, including the fact that defendant actually possessed and wielded the handgun, his criminal record was of a more recent and continuing nature, and Hall cooperated with law enforcement especially on other matters.  Judge Steinberg nevertheless reduced the forty-five year term to forty years and the parole disqualifier from twenty-two and one-half years to twenty years.
>
> Defendant appealed from this resentencing and was heard by an excessive sentencing panel of this court. The sentence and decision of Judge Steinberg was

---

[1] Pursuant to 28 U.S.C. § 2254(e)(1), "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.  the applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence."

affirmed [without opinion].  The Supreme Court denied defendant's petition for certification.

   . . .

   We have carefully considered defendant's contentions ... and reject them as without sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(2).  We briefly add the following comments.

   Trial counsel was not ineffective.  The plea transcripts taken in the various counties demonstrate that defendant was fully aware of what he was doing and that his pleas were entered knowingly, voluntarily, and intelligently.

   Defendant's sentence was not excessive.  This issue has previously been decided and, therefore, cannot be relitigated.  R. 3:22-5.

   Defendant's claim that he was entitled to an evidentiary hearing to explore his trial counsel's, in particular Mr. Melito's alleged failures, was properly rejected.  There were no affidavits indicating what counsel failed to do, which would have provided a basis to do anything other than what was done; namely, to negotiate with the several prosecutors and enter into a plea agreement to cover the multitude of charges then facing defendant. ...

   Defendant's appellate counsel was not ineffective because there were no arguments for counsel to make that would have changed the outcome of the proceedings.  Appellate counsel did not raise the issue of trial counsel's ineffectiveness because there was nothing of record to indicate that was so.

   For the first time on appeal, defendant questions the amount of restitution that was ordered and alleges additional reasons in support of his excessive sentence claim.  They are barred from consideration inasmuch as they could have been raised below but were not.  R. 3:22-4.

   Judge Stephen Thompson addressed most of the issues now raised in a well-reasoned oral opinion of September 29, 2000, and we affirm substantially for the reasons expressed therein.

(Resp. Ex. 5, Att. Da-4.)

After identifying Strickland v. Washington, 466 U.S. 668 91984), as providing the standard governing claims of ineffective assistance of counsel, Judge Thompson's opinion reads as follows, in pertinent part:

> In this case, the defendant has not supplied any affidavits other than his own assertions in a pro se brief to show that his trial counsel, Mr. Melito, was deficient in investigating his case. In a pro se brief filed in March of 2000, defendant asserts that Mr. Melito did not investigate his case thoroughly enough or seek a deal with the authorities that would reduce his sentence in exchange for information. In a brief for the defendant, Mr. Havrilchak refers to the trial attorney's lack of advocacy and the fact that the defendant was forced to take a plea and that the trial attorney failed to file an appeal on behalf of his client.
>
>     ... [I]t seems that the defendant has not met the burden of the prima facie case and should not be granted an evidentiary hearing as to the ineffective assistance of trial counsel. In order to establish a prima facie claim, a petitioner must do more than bald assertions that he was denied the effective assistance of counsel. He must allege facts sufficient to demonstrate counsel's alleged substandard performance.
>
>     Thus when a petitioner claims the trial attorney inadequately investigated his case, he must assert the facts that an investigation would have revealed supported by affidavits or other certifications based upon the personal knowledge of the affiant or the person making the certification.
>
>     The defendant in the transcripts of his plea was questioned by each judge extensively about the agreement he entered into and whether he understood his rights, consistent with the colloquy held, whenever a defendant enters a guilty plea into the record. In each colloquy, the defendant stated that he did understand the rights he was giving up including the right to have the charges brought before a Grand Jury

>  for indictment and his Fifth Amendment right to a
>  trial.
>
>  Upon the defendant's motion to withdraw from his
>  plea on August 29th, 1994, Judge Steinberg, Camden
>  County, superior Court Trial Division judge, found that
>  the defendant had provided an adequate factual basis
>  for his understanding of the agreement he was entering
>  and denied the motion.
>
>  Defendant now wishes to claim ineffective
>  assistance of counsel when he said on the record that
>  he was happy with Mr. Melito's performance as his
>  attorney.  This is not a sound argument.  It goes
>  against the facts as they are presented in the Court
>  transcripts.
>
>  Defense argues that the failure of the appellate
>  counsel to raise the issue of ineffective assistance of
>  trial counsel on appeal was an unreasonable error.
>  Defendant claims that this argument been raised -- had
>  this argument been raised, the defendant would have had
>  his conviction overturned on ineffective counsel basis.
>
>  ...
>
>  In this situation, we are forced to look at the
>  previous issue in conjunction with this one.  Since the
>  entire argument in the second point hinges on whether
>  the appellate counsel was negligent in not raising the
>  ineffective counsel claim on appeal and no other form
>  of misconduct is alleged by the defendant, defendant
>  should not prevail on this claim either.

(Resp. Ex. 14.)  On February 13, 2003, the Supreme Court of New Jersey denied certification.  (Resp. Ex. 1.)  This Petition timely followed.

Before this Court, Petitioner asserts that (1) ineffective assistance of trial counsel prevented him from entering into a knowing and voluntary guilty plea, (Grounds One, Four, Five), (2) his sentence was excessive, (Grounds Two, Five, Six, Seven),

(3) the post-conviction relief court should have conducted an evidentiary hearing, (Ground Three), (4) ineffective assistance of appellate counsel based upon appellate counsel's failure to raise on appeal the issues raised in this Petition (Ground Five).

## II.  28 U.S.C. § 2254

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> With respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim
>
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially

indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000) (O'Connor, J., for the Court, Part II).  A state court decision "involve[s] an unreasonable application" of federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," and may involve an "unreasonable application" of federal law "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply," (although the Supreme Court expressly declined to decide the latter).  Id. at 407-09.  To be an "unreasonable application" of clearly established federal law, the state court's application must be objectively unreasonable. Id. at 409.  In determining whether the state court's application of Supreme Court precedent was objectively unreasonable, a habeas court may consider the decisions of inferior federal courts. Matteo v. Superintendent, 171 F.3d 877, 890 (3d Cir. 1999).

Even a summary adjudication by the state court on the merits of a claim is entitled to § 2254(d) deference.  Chadwick v. Janecka, 302 F.3d 107, 116 (3d Cir. 2002) (citing Weeks v. Angelone, 528 U.S. 225, 237 (2000)).  With respect to claims

7

presented to, but unadjudicated by, the state courts, however, a federal court may exercise pre-AEDPA independent judgment.  See Hameen v. State of Delaware, 212 F.3d 226, 248 (3d Cir. 2000), cert. denied, 532 U.S. 924 (2001); Purnell v. Hendricks, 2000 WL 1523144, *6 n.4 (D.N.J. 2000).  See also Schoenberger v. Russell, 290 F.3d 831, 842 (6th Cir. 2002) (Moore, J., concurring) (and cases discussed therein).

The deference required by § 2254(d) applies without regard to whether the state court cites to Supreme Court or other federal caselaw, "as long as the reasoning of the state court does not contradict relevant Supreme Court precedent."  Priester v. Vaughn, 382 F.3d 394, 398 (3d Cir. 2004) (citing Early v. Packer, 537 U.S. 3 (2002); Woodford v. Visciotti, 537 U.S. 19 (2002)).

Although a petition for writ of habeas corpus may not be granted if the Petitioner has failed to exhaust his remedies in state court, a petition may be denied on the merits notwithstanding the petitioner's failure to exhaust his state court remedies.  See 28 U.S.C. § 2254(b)(2); Lambert v. Blackwell, 387 F.3d 210, 260 n.42 (3d Cir. 2004); Lewis v. Pinchak, 348 F.3d 355, 357 (3d Cir. 2003).

Finally, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S.

519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).]

### III.  ANALYSIS

A.  Claim of Excessive Sentence

A federal court's ability to review state sentences is limited to challenges based upon "proscribed federal grounds such as being cruel and unusual, racially or ethnically motivated, or enhanced by indigencies."  See Grecco v. O'Lone, 661, F.Supp. 408, 415 (D.N.J. 1987) (citation omitted).  Thus, a challenge to a state court's discretion at sentencing is not reviewable in a federal habeas proceeding unless it violates a separate federal constitutional limitation.  See Pringle v. Court of Common Pleas, 744 F.2d 297, 300 (3d Cir. 1984).  See also 28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67 (1991); Lewis v. Jeffers, 497 U.S. 764, 780 (1990).

"The Eighth Amendment, which forbids cruel and unusual punishments, contains a 'narrow proportionality principle' that 'applies to noncapital sentences.'"  Ewing v. California, 538 U.S. 11, 20 (2003) (citations omitted).  The Supreme Court has identified three factors that may be relevant to a determination

9

of whether a sentence is so disproportionate to the crime committed that it violates the Eighth Amendment: "(1) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." Solem v. Helm, 463 U.S. 277, 292 (1983). More recently, Justice Kennedy has explained that Solem does not mandate comparative analysis within and between jurisdictions, see Harmelin v. Michigan, 501 U.S. 957, 1004-05 (Kennedy, J., concurring in part and concurring in judgment), and he has identified four principles of proportionality review--"the primacy of the legislature, the variety of legitimate penological schemes, the nature of our federal system, and the requirement that proportionality review be guided by objective factors"--that "inform the final one: The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime," id. at 1001 (citation omitted) quoted with approval in Ewing, 538 U.S. at 23.

　　Here, Petitioner contends that the sentence imposed by the trial judge was excessive in that (1) his sentence was disproportionate to that imposed on his co-defendant, (2) his sentence was motivated by racial factors, and (3) his VCCB fine and restitution were excessive.

10

The claim that Petitioner's sentence is disproportionate to that imposed on his co-defendant does not raise an Eighth Amendment claim.  See U.S. v. Dansker, 581 F.2d 69, 74-75 (3d Cir. 1978) ("It is settled that a defendant has no constitutional complaint because he or she has received a more severe sentence than that of a co-defendant.") (and cases cited therein).

"A defendant who alleges an equal protection violation has the burden of proving 'the existence of purposeful discrimination.'" McCleskey v. Kemp, 481 U.S. 279, 292 (1987) (citation omitted).  Here, Petitioner alleges an equal protection violation based on the fact that, as a minority, he received a longer sentence than his non-minority co-defendant.  However, Petitioner has failed to establish any purposeful discrimination in his longer sentence, which the trial court justified based on a number of objective factors.  Petitioner has failed to establish an equal protection violation.

Finally, Petitioner has failed to establish that his VCCB fine and restitution order are grossly disproportionate to his offense.  Petitioner has failed to establish that his sentence violates the Constitution.

B.  <u>Ineffective Assistance of Trial and Appellate Counsel</u>

Petitioner argues that his trial counsel provided ineffective assistance of counsel by failing to advise him of the sentence received by his co-defendant and by failing to advise him of the actual consequences of pleading guilty.[2]  He also contends that his trial counsel failed to conduct an adequate investigation and plea negotiation.  Petitioner contends that his appellate counsel provided ineffective assistance by failing to raise the claims raised in this Petition.

The Counsel Clause of the Sixth Amendment provides that a criminal defendant "shall enjoy the right ... to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  The right to counsel is "the right to <u>effective</u> assistance of counsel."  <u>McMann v. Richardson</u>, 397 U.S. 759, 771 n.14 (1970) (emphasis added).

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show both that his counsel's performance fell below an objective standard of reasonable professional assistance and that there is a reasonable probability that, but for counsel's unprofessional errors, the outcome would have been

---

[2] Petitioner also states that his trial counsel failed to file a timely appeal.  As Petitioner was granted permission to file his appeal nunc pro tunc, and the appeal was addressed on the merits, Petitioner suffered no harm from any failure to appeal timely.  Petitioner is not entitled to relief on this aspect of his ineffective assistance claim.

12

different.  Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).  A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome."  Strickland at 694.  Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Id. at 687.  "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."  Id. at 695.

The performance and prejudice prongs of Strickland may be addressed in either order, and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed."  Id. at 697.

There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689.  As a general matter, strategic choices made by counsel after a thorough investigation of the facts and law are "virtually unchallengeable," though strategic choices "made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."  Id. at 690-91.  If counsel has been deficient in any way, however, the habeas court must determine whether the cumulative effect of counsel's errors prejudiced the defendant within the meaning of

13

Strickland.  See Berryman v. Morton, 100 F.3d 1089, 1101-02 (3d Cir. 1996).

The Strickland two-part standard applies to ineffective-assistance claims arising out of the guilty plea process.  Hill v. Lockhart, 474 U.S. 52, 57-9 (1985).  In the context of guilty pleas, the first element of the Strickland test remains "nothing more than a restatement of the standard of attorney competence."  Hill, 474 U.S. at 58.  The "prejudice" requirement, "on the other hand, focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process.  In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill, 474 U.S. at 59.

The Supreme Court has held that the Due Process Clause of the Fourteenth Amendment guarantees a defendant the effective assistance of counsel on a first direct appeal as of right.  Evitts v. Lucey, 469 U.S. 387 (1985).  The Strickland standard for effective assistance of counsel applies to appellate counsel.  See Lewis v. Johnson, 359 F.3d 646, 656 (3d Cir. 2004).  Appellate counsel does not have a duty to advance every nonfrivolous argument that could be made, see Jones v. Barnes, 463 U.S. 745, 754 (1983), but a petitioner may establish that appellate counsel was constitutionally ineffective "if he shows

14

that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker," Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994).

The Appellate Division found no ineffective assistance of either trial or appellate counsel.  Relying on the plea transcripts, the Appellate Division found that Petitioner was fully informed as to all the material consequences of his plea.  Petitioner failed to advise the state courts of any material facts Petitioner's counsel would have found had he conducted a further investigation.  The Appellate Division found that appellate counsel provided effective assistance, because it is not ineffective to fail to assert meritless claims.  The decision of the Appellate Division is not contrary to or an unreasonable application of controlling federal law.  Petitioner is not entitled to relief on the ineffective assistance of counsel claim.

C.   Claim of Errors in Post-Conviction Proceedings

Petitioner contends that the trial court deprived him of due process by failing to conduct an evidentiary hearing in his post-conviction relief proceeding.

Errors in state post-conviction relief proceedings are collateral to the conviction and sentence and do not give rise to a claim for federal habeas relief.  See, e.g., Hassine v. Zimmerman, 160 F.3d 941, 954 (3d Cir.1998), cert. denied, 526

15

U.S. 1065 (1999) ("The federal role in reviewing an application for habeas corpus is limited to evaluating what occurred in the state or federal proceedings that actually led to the petitioner's conviction; what occurred in the petitioner's <u>collateral</u> proceeding does not enter into the habeas calculation.... Federal habeas power is 'limited ... to a determination of whether there has been an improper detention by virtue of the state court judgment."); <u>Ferguson v. State</u>, 1996 WL 1056727 (D.Del. 1996) and cases cited therein.  In any event, Petitioner has failed to establish how the deprivation of a hearing deprived him of any federal constitutional right. Petitioner is not entitled to relief on this claim.

## IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 327 (2003).

Here, Petitioner has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, no certificate of appealability shall issue.

## V.   CONCLUSION

For the reasons set forth above, the Petition must be denied.  An appropriate order follows.


                                           s/ Jerome B. Simandle
                                          Jerome B. Simandle
                                          United States District Judge
Dated:  **March 27, 2006**